IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

**CIVIL ACTION NO. 2:12-cv-263 (WOB-JGW)**

**GARY MCCLAIN, SR.**                                           **PLAINTIFF**

**VS.**                     **MEMORANDUM OPINION AND ORDER**

**MASON COUNTY, KY, ET AL.**                               **DEFENDANTS**

This matter is before the Court on Defendants' (Mason County, Gerald Curtis, Scott Poe and Mary Collins, R.N.) motion for partial summary judgment (Doc. 28) and Defendant Gary Sanders, M.D.'s motion for partial summary judgment (Doc. 43). The Court held oral argument on these motions on July 11, 2014. Scott Best represented the Plaintiff. Claire Parsons represented Defendants Mason County, Gerald Curtis, Scott Poe, and Mary Collins, R.N. Michael Arnold represented Defendant Gary Sanders, M.D.

The Court having heard oral argument and being sufficiently advised, hereby issues the following Memorandum Opinion and Order.

### Facts

Plaintiff Gary McClain was arrested on December 20, 2011. Doc. 28-1, Citation. McClain was booked at the Mason County Detention Center ("MCDC"), where he informed the booking officer of his need for medical care. Doc. 28-2, Booking Form; Doc. 28-3, Medical Questionnaire.

1

During his incarceration at the MCDC, McClain filed three grievances and did not appeal the denial of any of them.[1] Doc. 28-5, 1/25/12 Grievance; Doc. 28-6, 4/8/12 Grievance; Doc. 28-7, 4/25/12 Grievance; Doc. 29-1, McClain Depo., pp. 73, 96, 101. Two grievances concerned the temperature of McClain's cell and are irrelevant. Doc. 28-5, 1/25/12 Grievance; Doc. 28-7, 4/25/12 Grievance. The third, filed April 8, 2012, is relevant to this dispute, as it concerned McClain's medical treatment following a period of alleged illness. Doc. 28-6, 4/8/12 Grievance.

Inmates are advised of their right to file a grievance at the time of booking, and the grievance procedure is displayed on preprinted grievance forms, which are available to the inmates at the MCDC. Doc, 28-4, Curtis Aff., ¶¶6-10. The grievance form states:

> All grievances must be filed within 48 hours of the even[t] or act that you are complaining about. The Jailer or his designee will respond to the grievance within five (5) days from it's [sic] receipt. In the event that you do not receive a response within ten (10) days, then your grievance has been deemed to have been filed regarding an event or act that is not eligible for this process due to

---

[1] McClain claims that he filed a fourth grievance on February 22, 2012. This claim is not corroborated by any record evidence other than McClain's testimony in an affidavit attached to his response briefs to Defendants' motions for partial summary judgment. *See* Docs. 55-2, 56-2, McClain Aff. Problematically, McClain's assertion in his affidavit contradicts his prior deposition testimony that he had no memory of filing any grievances besides those dated January 25, 2012, April 8, 2012, and April 25, 2012. Doc. 29-1, McClain Depo., pp. 101-102; *see Reid v. Sears, Roebuck & Co.*, 790 F.2d 453, 460 (6th Cir. 1986) ("A party may not create a factual issue by filing an affidavit, after a motion for summary judgment has been made, which contradicts her earlier deposition testimony.") (*citing Biechele v. Cedar Point, Inc.*, 747 F.2d 209, 215 (6th Cir. 1984)). Regardless, the record is devoid of any proof that even if McClain submitted a grievance on or around February 22, 2012, he appealed the grievance as required by the MCDC grievance procedure.

2

> local, state, or federal law and/or Mason County Detention Center precedent. If you are not satisfied with the initial response to your grievance, you may appeal to the Jailer or his designee within 48 hours of their initial response. The Jailer or his designee will respond to your appeal within ten (10) days. If no response is received within that ten day period, the appeal has been otherwise denied.

Docs. 28-5, 28-6, 28-7, Grievances.

McClain's April 8, 2012 grievance alleged he received inadequate medical care during his period of illness in January or February 2012. Doc. 28-6, 4/8/12 Grievance; Doc. 29-1, McClain Depo., pp. 97-98. Although McClain filed the grievance beyond the 48-hour limitation period in the MCDC grievance procedure, Chief Deputy Poe denied the grievance on substantive grounds, explaining that he saw no denial of medical care as alleged. Doc. 28-6, 4/8/2012 Grievance. McClain did not appeal to the Jailer. *Id.*; Doc. 28-4, Curtis Aff., ¶¶12-16; Doc. 29-1, McClain Depo., p. 101.

On May 9, 2012, McClain entered a guilty plea to the drug trafficking charge in the Mason Circuit Court, after which he was transferred to the Grant County Detention Center followed by a transfer to the Assessment Center at the Kentucky State Reformatory. Doc. 28-8, Judgment/Sentence; Doc. 28-9, Body Receipt; Doc. 28-10, Release Report. In August 2012, McClain was transferred to the Keeton Correctional Institute in Paducah, where he remains. Doc. 29-1, McClain Depo., pp. 18-19.

McClain filed this suit on December 19, 2012. Doc. 1, Complaint. On December 27, 2013, Defendants Mason County, Curtis, Poe and Collins filed a motion for partial summary judgment. Doc. 28. On January 13,

2014, Defendant Sanders also filed a motion for partial summary judgment. Doc. 43.

**Analysis**

The Prison Litigation Reform Act ("PLRA") prohibits any lawsuit challenging prison conditions, including those asserted under 42 U.S.C. §1983, by any prisoner until he has fully exhausted his available administrative remedies. 42 U.S.C. §1997e(a). There is no dispute that McCain qualifies as a "prisoner" under the PLRA, because he was incarcerated at the time he filed suit. *See Cox v. Mayer*, 332 F.3d 422, 424-425 (6th Cir. 2003). There is also no dispute that McClain's deliberate indifference to serious medical need claim pertains to the "conditions of confinement." *See Napier v. Laurel Co.,* 636 F.3d 218, 222 (6th Cir. 2011).

Under the PLRA, McClain is required to have fully exhausted the administrative remedies available to him at the MCDC. The MCDC grievance procedure provides inmates with two levels of administrative review. Doc. 28-4, Curtis Aff., ¶¶7-10. This policy, which is printed atop the MCDC grievance form, states that inmates may submit an initial grievance and can appeal to the Jailer if the initial grievance is denied. *Id.*; Doc. 28-5, 28-6, 28-7, Grievances. Thus, full exhaustion under the PLRA required McClain to submit a grievance regarding the allegedly inadequate medical care he received and appeal the denial of the grievance to the Jailer.

It is undisputed that McClain received a written response to his April 8, 2012 his concerning medical treatment. Doc. 28-6, 4/8/2012

4

Grievance. McCain admits he did not appeal his April 8, 2012 grievance.[2] Doc. 28-6, 4/8/12 Grievance; Doc. 29-1, McClain Depo, p. 101. On this basis, Plaintiff failed to fully exhaust the administrative remedies available to him under the MCDC procedure.

A plaintiff's failure to exhaust his administrative remedies cannot be excused by his ignorance of the law or applicable grievance policy. *Napier*, 636 F.3d at 222 (*citing Brock v. Kenton Cty.*, 93 Fed. App'x 793, 798 (6th Cir. 2004)). McClain attempts to create a material issue of fact by citing to his January 8, 2014 affidavit, in which he asserts he was not aware of the MCDC grievance procedure or right to an appeal. Docs. 55-2, 56-2, McClain Aff.

However, a party may not create a factual issue by filing an affidavit after a motion for summary judgment has been filed contradicting earlier sworn testimony. *Reid v. Sears, Roebuck & Co.*, 790 F.2d 453, 460 (6th Cir. 1986). McClain's affidavit was submitted as an attachment to his response briefs to Defendants' motions for summary judgments and dated after Defendants Mason County, Curtis, Poe and Collins filed their motion for partial summary judgment. *See* Doc. 55-2, 56-2, McClain Aff. McClain's averments in his affidavit contradict his deposition testimony that he was familiar with the MCDC grievance procedure, including the right to an appeal. Doc. 29-1, McClain Depo., pp. 71-73. Therefore, McClain's affidavit fails to

---

[2] Though McClain claims he filed a February 22, 2012 grievance, there is no record that even if such a grievance were filed, he appealed or attempted to appeal the response sufficient to exhaust his remedies under the MCDC grievance procedure, as required by the PLRA. *Kirkwood v. Ives*, 2011 WL 6148665, *4-5 (E.D. Ky. 2011).

5

create a material issue of fact regarding his knowledge of the grievance and appeals process available to him at the MCDC.

There is no evidence that McClain ever attempted to appeal the response he received to his April 8, 2012 grievance. Even if the grievance policy was vague and McClain was unsure whether he had the right to appeal, he still is required to make an affirmative attempt to do so. *See Napier*, 636 F.3d at 223 (rejecting that vagueness in a grievance procedure excuses inmates from exhausting their administrative remedies as required by the PLRA.) There is no evidence McClain asked staff about the status of his April 8, 2012 grievance, followed up with Poe or Curtis, or submitted a second grievance challenging the lack of response to his grievance. Thus, McClain's failure to appeal the denial his April 8, 2012 grievance precludes his federal claims.

Having failed to fully exhaust his administrative remedies, the PLRA compels dismissal of McClain's federal claims. The Court declines to exercise jurisdiction over Plaintiff's remaining state law claims.

Therefore, having heard from the parties and being sufficiently advised,

**IT IS ORDERED:**

(1) Defendants' (Mary Collins, R.N., Gerald Curtis, Mason County, and Scott Poe) motion for partial summary judgment on Plaintiff's federal law claims (Doc. 28) be, and hereby is, **GRANTED**;

(2) Defendant Gary Sanders, M.D.'s motion for partial summary judgment on Plaintiff's federal law claims (Doc. 43) be, and hereby is, **GRANTED**;

(3) Plaintiff's remaining state law claims be, and hereby are, **DISMISSED WITHOUT PREJUDICE;** and

(4) A judgment will enter concurrently herewith.

This 15th day of July, 2014.



Signed By:
*William O. Bertelsman* W.OB
United States District Judge